U.S. DIST. COURT EAST DIST. WISC.
FILED
JUN - 6 2006
AT_____ O'CLOCK_____ M
SOFRON B. NEDILSKY

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TERRANCE J. SHAW,

        Plaintiff,

v.                                                         Case No. 04-C-979

WARDEN JUDY P. SMITH
and MATTHEW FRANK,

        Defendants.

## ORDER

Plaintiff Terrance J. Shaw, who is incarcerated at Oshkosh Correctional Institution, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 and paid the full filing fee. On March 10, 2006, the court granted the defendants' motion for summary judgment and denied the plaintiff's cross-motion for summary judgment. Judgment was entered dismissing this action on March 10, 2006. The plaintiff has filed a motion for reconsideration of the court's March 10, 2006, Decision and Order granting summary judgment for the defendants pursuant to Federal Rule of Civil Procedure 59(e), which will be addressed herein.

Rule 59(e) allows the court to alter or amend a judgment if (1) the movant can demonstrate a manifest error of law or fact, (2) the movant presents newly discovered and previously unavailable evidence, (3) reconsideration is necessary to prevent manifest injustice, or (4) an intervening change in the law undermines the validity of the judgment. 11 Charles A. Wright et al., *Federal Practice and Procedure*, § 2810.1, at 125-27 (1995); *see also Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th

Cir. 1996) ("Rule 59(e) allows a party to direct the district court's attention to newly discovered material evidence or a manifest error of law or fact, and enables the court to correct its own errors and thus avoid unnecessary appellate procedures.") Rule 59(e) motions are generally not vehicles to introduce new evidence or advance arguments that could or should have been presented to the district court prior to judgment. *Moro*, 91 F.3d at 876; *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987). Whether to grant a motion to amend judgment "is entrusted to the sound judgment of the district court." *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996).

The plaintiff filed his motion for reconsideration on March 22, 2006. However, on April 5, 2006, he filed a notice of appeal from the final judgment issued in this case. The notice of appeal was transmitted to the Court of Appeals for the Seventh Circuit and on April 14, 2005, was assigned USCA Case Number 06-2011. The plaintiff paid his appellate filing fee on April 20, 2006.

On May 2, 2006, the Seventh Circuit issued an order in Case Number 06-2011, noting that the plaintiff had filed a notice of appeal prior to the district court's ruling on his motion brought under Rule 59 and that therefore the plaintiff's appeal could be premature. The court of appeals ordered, "that plaintiff-appellant shall file, on or before May 17, 2006, a brief memorandum stating why this appeal should not be STAYED pending the entry of the order disposing of the motion. A motion for voluntary dismissal pursuant to Fed. R. App. P. 42(b) will satisfy this requirement. Briefing shall be suspended pending further court order." On May 17, 2006, the plaintiff filed the requisite "Jurisdictional Memorandum" in which he requests that his appeal be stayed pending a decision by this court on his motion for reconsideration. The court will now address the merits of the plaintiff's Rule 59 motion. *See* Fed. R. App. P. 4(a)(4)(B)(i).

2

In his motion for reconsideration, the plaintiff contends that the court's March 10, 2006, Decision and Order contains manifest errors of law and fact regarding both of his claims. The defendants argue that, 1) there is no basis in law or fact for the plaintiff's motion; and 2) the plaintiff's motion does not set forth any new factual matter which would be the basis for the court to reconsider its Decision and Order.

In this case, the plaintiff proceeded on a claim under the Americans with Disabilities Act of 1999, 42 U.S.C. § 12131 *et seq.*, and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution based on allegations that he was denied participation in the Youth Awareness Program at Oshkosh Correctional Institution due to his mental impairment. However, according to the plaintiff, he did not actually have a mental or physical impairment but rather was regarded as having one because of his status as a sex offender.

The court granted the defendants' motion for summary judgment on the plaintiff's ADA claim, finding that the plaintiff did not have a disability under the ADA. The court reasoned:

> It is undisputed that it is OCI's practice, with defendant Warden Smith's approval, that sex offenders will not participate in the Youth Awareness Program. This practice applies to all sex offenders, regardless of their treatment status. It is also undisputed that this decision was reached after lengthy discussions among professional, administrative, and security staff. (It was also decided that only inmates with positive adjustment and program compliance would be allowed to participate.) Whether the plaintiff completed Sex Offender Treatment is irrelevant to whether he can participate in the Youth Awareness Program. Moreover, the plaintiff's academic record since his incarceration as well as his volunteer efforts, while impressive, will not help him in getting into the program.
>
> In order to bring a claim under the ADA one must have a disability. The plaintiff acknowledges that he does not have a mental or physical impairment as such but rather claims that he is regarded as having such an impairment because of OCI's practice to not allow sexual offenders into the Youth Awareness Program. He argues that he is being treated as having a mental impairment because OCI will not let him, or any other sex offender, in the program.

3

> The plaintiff is a convicted sex offender and this fact may very well cause reasonable people to question him, his status, their safety around him, and his eligibility for participation in programs, for the rest of his life, no matter how many positive things he does. However, this does not mean that the plaintiff qualifies as "disabled" under the ADA. Simply stated, the plaintiff does not have a "disability" under the ADA. Moreover, there is no evidence that the defendants regarded him as having a "disability," i.e., "physical or mental impairment" as those terms are defined under the ADA. Accordingly, Shaw's ADA claim must fail and the defendants' motion for summary judgment on the plaintiff's ADA claim will be granted.

(Court's Order of March 10, 2006, at 20-21.)

With respect to the plaintiff's equal protection claim, first the court dismissed defendant Wisconsin Department of Corrections Secretary Matthew Frank for lack of direct personal involvement in the claim. *See Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). Second, the court dismissed the equal protection claim because there was a rational basis to exclude the plaintiff from participation in the program:

> In *Stanley v. Litscher*, 213 F.3d 340 (7th Cir. 2000), a Wisconsin prisoner requested permission to participate in a sex offender program. However, his request was denied because of his diagnosis as a psychopath. *Id.* at 342. The prisoner alleged that the denial of his application to participate in the sex offender program violated, among other things, his right to equal protection. *Id.* The court held that "[a]s a constitution claim, this goes nowhere." *Id.* The court assumed without deciding that psychopathy was a disability and found that "[d]istinctions on the ground of disability are proper as long as they are rational." *Id.* Furthermore, the court reasoned:
>
>> A state rationally could conclude that psychopaths do not benefit from intra-prison programs, that they spoil the programs for less aggressive inmates, or both. What is more, admission to the programs cannot be described as a liberty or property interest. No fixed set of criteria entitles anyone to admission, and exclusion leaves the prisoner with the normal attributes of confinement.
>
> *Id.*
>
> Here, defendant Smith and other prison officials at OCI, after lengthy discussion, decided to not allow sex offenders to participate in the Youth Awareness Program regardless of their treatment status. The program is not a mandatory,

4

essential program. Rather, it is a privilege extended to approximately twelve inmates at a time, who are carefully selected and who, after giving a verbal presentation, are placed at a table with one or two community youth for the purpose of discussion.

The orderly operation of prisons has generally been committed to prison officials, not the federal courts. Such matters are within the peculiar expertise of corrections officials and, therefore, the courts will generally accord great deference to their expert judgment, unless there is substantial evidence to argue against it. *See Bell v. Wolfish*, 441 U.S. 520 (1979); *see also Woods v. O'Leary*, 890 F.2d 883 (7th Cir. 1989). An equal protection claim requires proof that the actions complained about were undertaken for reasons which were wholly unrelated to any legitimate state objective. *Esmail v. Macrane*, 53 F.3d 176, 180 (7th Cir. 1995). Security, crime deterrence, and prisoner rehabilitation are all legitimate penological concerns. *See Al-Alamin v. Gramley*, 926 F.2d 680, 686 (7th Cir. 1991). The state could rationally conclude that excluding sex offenders from eligibility for participation in the Youth Awareness Program is related to the legitimate penological concern of security. Accordingly, the defendants' motion for summary judgment on this equal protection claim will be granted and the plaintiff's cross-motion for summary judgment will be denied.

*Id.* at 24-26.

In his motion for reconsideration, the plaintiff contends that the court erred in concluding that his status as a sex offender did not classify him as a qualified individual with a disability under the ADA. He asserts that the court's position "is in clear conflict with United States Supreme Court precedent, determining that such Sex Offender related conditions, to constitute the very essence of a mental illness disability; Kansas v. Crane, 534 U.S. 407 (2002) ("Serious difficulty in controlling Behavior, is the definition of Mental Disorder")". (Pl.'s Mot. for Recon. at 2.) The plaintiff also contends that the court "forgot to apply in its "Uncritical" acceptance of these Prison Officials' self-serving position, is the material fact that these same prison officials' have a long and well documented history of lying outright to the Federal Courts in prisoners' law suit litigation situation, a point noted time and time again over the years[.]" (Pl.'s Mot. for Recon. at 3.) Furthermore, the plaintiff questions why he was not viewed by OCI as suffering from a mental disorder when he was

5

required to receive clinical treatment and when his parole was deferred based on unfinished sexual offender treatment needs.

Turning to his equal protection claim, the plaintiff contends that the court failed to require the defendants to "meet their evidentiary burden required for allowance of intentional discriminatory banning of prisoners' [sic] from privileges allowance." (Pl.'s Mot. for Recon. at 5.) According to the plaintiff, his disqualification from the program based on his status as a sex offender was illegal. Also, the fact that the program was a privilege makes no difference to the constitutional analysis. Finally, the plaintiff contends that the defendants were required to set forth more than conclusory statements that security concerns were the driving force behind their decision to not allow sex offenders to participate in the program.

The plaintiff's motion for reconsideration appears to be an attempt to re-argue issues that were settled in the summary judgment decision. The arguments in the plaintiff's motion do not demonstrate that the court's March 10, 2006, Decision and Order granting the defendants' motion for summary judgment contains a manifest error of law or fact. In addition, the plaintiff has not identified any newly discovered evidence or an intervening change in controlling law. Nor has he convinced the court that reconsideration is necessary to prevent manifest injustice. Therefore, the plaintiff's motion will be denied.

## ORDER

**IT IS THEREFORE ORDERED** that the plaintiff's motion for reconsideration (Docket #51) be and hereby is **DENIED**.

Dated at Milwaukee, Wisconsin this 6th day of June, 2006.

BY THE COURT:

*William E. Callahan*
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge

P:\Transfer\WEC\Shaw04-C-979.recon.wpd

7

Case 2:04-cv-00979-WEC   Filed 06/06/06   Page 7 of 7   Document 58

AO 72A
(Rev.8/82)